**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Thomas N. Abbott (OSB 193043)
Thomas.Abbott@troutman.com
100 SW Main Street, Suite 1000
Portland, OR 97204
Telephone: (503) 290-2322

John C. Lynch (*pro hac vice* forthcoming)
john.lynch@troutman.com
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7500

**HUNTON ANDREWS KURTH LLP**
Brian V. Otero (*pro hac vice* forthcoming)
botero@HuntonAK.com
Ryan A. Becker (*pro hac vice* forthcoming)
rbecker@HuntonAK.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000

Attorneys for Defendant
PHH MORTGAGE CORPORATION
d/b/a PHH MORTGAGE SERVICES

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CINDY KNAPP, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>PHH MORTGAGE CORPORATION d/b/a PHH MORTGAGE SERVICES,<br><br>      Defendant. | Case No. 3:24-cv-1990<br><br>**NOTICE OF REMOVAL** |

NOTICE OF REMOVAL – 1

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendant PHH Mortgage Corporation d/b/a PHH Mortgage Services ("PHH") removes this action from the Circuit Court of the State of Oregon for the County of Multnomah, to the United States District Court for the District of Oregon in Portland, Oregon, and respectfully states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff Cindy Knapp ("Plaintiff") filed a Class Action Complaint ("Complaint" or "Compl.") dated October 25, 2024, in the Circuit Court of the State of Oregon for the County of Multnomah, Case No. 24CV51025, against PHH.

2. PHH's registered agent for service of process, Corporation Service Company, received a copy of the summons and Complaint by certified mail on October 31, 2024. True and correct copies of the summons and Complaint are attached hereto as Exhibits A and B.

3. Receipt of the summons and Complaint was the first notice to PHH, pursuant to 28 U.S.C.1446(b), of the existence of a pleading containing a claim for relief by Plaintiff that could be removed to this Court. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). The thirtieth day following PHH's receipt of the summons and Complaint is Saturday, November 30, so this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

## PLAINTIFF'S ALLEGATIONS

4. Plaintiff owns property in Oregon that is secured by a mortgage serviced by PHH. Compl. ¶¶58-59. According to the Complaint, Plaintiff made some or all of her mortgage payments over the telephone, and in doing so was charged a convenience fee of $7.50 by PHH for each transaction. *Id.* ¶60.

5. Plaintiff alleges that her Deed of Trust does not expressly allow PHH to collect these convenience fees, and that PHH therefore violated the Oregon Fair Debt Collection Practices Act ("OFDCPA") and Oregon Unlawful Trade Practices Act ("OUTPA"). *Id.* ¶61. Plaintiff brings her claims on behalf of herself and a class of Oregon borrowers who have paid PHH a convenience fee for making a mortgage payment by telephone. *Id.* ¶62.

6. Under both the OFDCPA and OUTPA, Plaintiff seeks the greater of actual and statutory damages, plus punitive damages and attorneys' fees. *Id.* ¶¶ 90, 96.

## JURISDICTION AND BASES FOR REMOVAL

7. The Class Action Fairness Act of 2005 ("CAFA") vests federal district courts with original jurisdiction over (1) any purported class action, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the proposed class contains at least 100 members, and (4) the amount in controversy exceeds $5,000,000.00 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5) & (6). This case meets these requirements, as shown below.

A. **The Action is a Class Action Under CAFA**

8. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed the "Class Action Complaint" "individually and on behalf of all others similarly situated" and seeks certification of a class under Rule 32 of the Oregon Rules of Civil Procedure, which is analogous to Fed. R. Civ. P. 23. Compl. ¶¶1, 72. This case therefore is a "class action" as defined by CAFA.

### B. The Parties Satisfy CAFA's Minimal Diversity Requirements

9. CAFA's minimal diversity requirement is satisfied where any putative class member is a citizen of a state different from that of one defendant. *See* 28 U.S.C. § 1332(d)(2).

10. The Complaint alleges that Plaintiff is a resident of Multnomah County, Oregon. Compl. ¶10.

11. PHH is a New Jersey corporation with its principal place of business in Mt. Laurel, New Jersey, and so is a citizen of New Jersey. *See* Compl. ¶11; 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). This case therefore satisfies CAFA's minimal diversity requirement, because Plaintiff is a citizen of a state different from "any defendant." 28 U.S.C. § 1332(d)(2)(A).

### C. The Proposed Class Includes at Least 100 Members

12. The proposed class is defined as:

> All persons with an Oregon address who were borrowers on residential mortgage loans to which PHH acquired servicing rights, and paid a fee to PHH for making a loan payment by telephone, during the applicable statutes of limitations periods through the date a class is certified.

Compl. ¶72. The class definition excludes borrowers who are agents of or employed by PHH and any judge assigned to this matter or members of his staff and immediate family.

13. PHH services residential mortgage loans in every state. Based on a review of records kept in the normal course of its business, PHH's Director of Business Information Solutions has determined that over 100 borrowers with residential mortgage loans serviced by PHH and that are secured by properties in Oregon have chosen to incur a convenience fee to make a same-day loan payment by telephone in the last three years. *See Exh. C, Declaration of Thomas*

*Gause*, at ¶3. The number of members of the proposed class therefore exceeds 100, as required by 28 U.S.C. § 1332(d)(5)(B).

      **D.**     **The Amount in Controversy Requirement is Satisfied**

14. While PHH concedes neither liability on Plaintiff's claims nor the propriety of the relief she seeks, Plaintiff's allegations, requests for relief, and putative class definition plausibly place the amount in controversy in this case above CAFA's $5,000,000 aggregate threshold for jurisdictional purposes. 28 U.S.C. §§ 1332(d)(2), (6).

15. Plaintiff seeks the greater of actual or statutory damages under both the OFDCPA and OUTPA on behalf of herself and a statewide class of borrowers. Compl. ¶¶ 90, 96. Under the OFDCPA, a person may recover actual damages or $1,000, whichever is greater. O.R.S. § 646.641(1). And under the OUTPA, a person may recover actual damages or $200, whichever is greater. O.R.S. § 646.638(1).

16. Plaintiff also seeks punitive damages, Compl. ¶¶ 90, 96, which are available under both the OFDCPA and the OUTPA. O.R.S. §§ 646.641(1), 646.638(8)(b). "[P]unitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

17. Finally, Plaintiff seeks attorneys' fees under both statutes. Compl. ¶¶ 90, 96. "The amount in controversy may include . . . attorneys' fees awarded under fee shifting statutes." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

18. Plaintiff alleges that the monetary relief discussed in the prior paragraphs totals $10 million. Compl. at 1 (identifying the "Prayer Amount" as "$10 million."). The Complaint as pled therefore alleges facts that give rise to an inference of recoverable damages and fees in excess of $5 million and thus establishes that CAFA's amount-in-controversy requirement is

met. *Culpepper v. Wells Fargo Bank, N.A.*, 2012 WL 3779038, at *2 (D. Or. Aug. 8, 2012) (sustaining removal where "the amount in controversy is facially apparent from the complaint."). *See also Brinkmann v. AMB Onsite Servs.—West, Inc.*, 2017 WL 2901932, at *4 (D. Or. June 30, 2017) ("When determining the amount in controversy, courts first look to the complaint.").

## REMOVAL PROCEDURE

19. Because the Complaint was filed and is currently pending in the Circuit Court of the State of Oregon for the County of Multnomah, and pursuant to 28 U.S.C. § 1441(a), this District is the proper venue for this action upon removal. The Portland Division is the proper intra-district assignment for this action because it is the division that embraces the county where the state court action was pending. L.R. 3-2(a)(1).

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on PHH in the state court action are attached as Exhibit A hereto.

21. Pursuant to 28 U.S.C. § 1446(d), PHH will serve on Plaintiff's counsel of record and will file with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah, written notice of removal of this case and a copy of this Notice.

Respectfully submitted this 27th day of November, 2024.

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

/s/ Thomas N. Abbott
Thomas N. Abbott (OSB 193043)
John C. Lynch (*pro hac vice* forthcoming)

**HUNTON ANDREWS KURTH LLP**
Brian V. Otero (*pro hac vice* forthcoming)
Ryan A. Becker (*pro hac vice* forthcoming)
Attorneys for Defendant
PHH MORTGAGE CORPORATION
d/b/a PHH MORTGAGE SERVICES

NOTICE OF REMOVAL – 6

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action. I am employed in Orange County, California. My business address is 100 Spectrum Center Drive, Suite 1500, Irvine, California 92618. On November 27, 2024, I served on the interested parties to this action a true and correct copy of the foregoing document, and any attachments and exhibits thereto as follows:

☒ **BY ELECTRONIC MAIL:** Pursuant to the parties' agreement and/or the Court's order regarding electronic service, I electronically served the following persons at the electronic service addresses listed below. My electronic service address is Linda.Kwon@troutman.com.

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Portland, Oregon, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Benjamin A. Schwartzman<br>BAILEY GLASSER LLP<br>950 West Bannock Street, Suite 940<br>Boise, ID  83702 | Telephone: (208) 342-4411<br>Email: bschwartzman@baileyglasser.com<br><br>Attorneys for Plaintiff<br>CINDY KNAPP |
| James L. Kauffman<br>BAILEY GLASSER LLP<br>1055 Thomas Jefferson St., NW, Suite 540<br>Washington, DC  20007 | Telephone: (202) 463-2101<br>Email: jkauffman@baileyglasser.com<br><br>Attorneys for Plaintiff<br>CINDY KNAPP |
| Bart D. Cohen<br>BAILEY GLASSER LLP<br>1622 Locust Street<br>Philadelphia, PA  19103 | Telephone: (215) 274-9420<br>Email: bcohen@baileyglasser.com<br><br>Attorneys for Plaintiff<br>CINDY KNAPP |
| Katherine M. Aizpuru<br>TYCKO & ZAVAREEI LLP<br>2000 Pennsylvania Ave NW, Suite 1010<br>Washington, DC  20006 | Telephone: (202) 973-0900<br>Email: kaizpuru@tzlegal.com<br><br>Attorneys for Plaintiff<br>CINDY KNAPP |

I declare that I am employed in the office of the member of the bar of this court under whose direction the service was made. Executed on November 27, 2024, at Irvine, California.

Linda K. Kwon